The opinion of the court was delivered by
Gibson, J.
Coverture may be pleaded in abatement or in bar, according to circumstances. Agreements between a man and a woman, without the intervention of trustees, are extinguished by a subsequént marriage, if they are not to be executed till after the coverture, in which case they survive. But nothing is better established, than that during the coverture, neither can grant to the other any estate or interest, nor enter into any covenant or contract directly with the other. This depends on the intimate union of person whieh arises from the contract of marriage, and which is so perfect that they are looked upon as one. For this reason, *380 the husband’s contract with his wife, is, in contemplation of law, made with himself, and is, for that reason, absolutely a non entity. Now, here the defendants, during the coverture of the plaintiff with one of themselves, executed , the bond in question directly to the wife; and she insists that the coverture is pleadable to an action on it, only in abatement. But the defence is not merely the disability in respect of maintaining an action in her own name, but the total absence of every thing like responsibility or a cause of action. This is altogether unlike an action on a bond to the wife from a third person, in which there is a valid cause of action, and the non-joinder of the husband is therefore to be pleaded in abatement.- Here the defence goes to the toot of the demand; and, as it is impossible to give the party a better writ, it can be pleaded only in bar. For these reasons, we are of opinion the demurrer was properly overruled.
Judgment affirmed.